# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GREGORY M. NELIGH,

       Plaintiff,

    vs.                                  No. CIV 00-529 JC/LFG

STATE OF NEW MEXICO, et al.,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court upon Plaintiff's Motion for Emergency Temporary Restraining Order (TRO), filed May 26, 2000 *(Doc. 5)*.

**A.    Background**

Plaintiff filed a *pro se* complaint on April 13, 2000 against the State of New Mexico, the New Mexico Taxation and Revenue Department, the New Mexico Motor Vehicle Division, the County of Bernalillo, the City of Albuquerque, and the City of Alamogordo.  He alleges that he entered into a rehabilitation program with the New Mexico Department of Vocational Rehabilitation (DVR) in which he was required to use the proceeds of his Veteran's Administration (VA) disability compensation to repay outstanding financial obligations including two traffic citations for speeding. Plaintiff further alleges that the DVR agreed to pay him $1,300 a month for a living allowance and acquire adaptive technology for Plaintiff.

A couple of months later, according to Plaintiff, the DVR without notice or explanation ceased paying him the monthly living allowance and failed to provide the adaptive technology required by the rehabilitation program.  Without the monthly living allowance, Plaintiff was unable to pay outstanding debts including the traffic citations.  As a result, Plaintiff's driver's license was

suspended, Plaintiff was cited twice for driving with a suspended license, and was cited for both driving without insurance and driving an unregistered vehicle. Plaintiff states that Defendants required him to pay the fines associated with the traffic citations and obtain a valid driver's license. Plaintiff asserts that Defendants have also threatened to incarcerate him. An incarceration would force Plaintiff to withdraw from the rehabilitation program and VA agreement. Plaintiff contends that the DVR has violated the Vocational Rehabilitation Act, the Americans with Disabilities Act, the Civil Rights Act, and the Individuals with Disabilities Act.

In his motion for a TRO, Plaintiff states that on June 6, 2000, Defendants will take further discriminatory actions against him. He also states that Defendants continue to threaten him with incarceration for driving with a suspended licence even though the actions of the DVR prevent him from complying with Defendants' requirements. Plaintiff reiterates that incarceration will force him to withdraw from the VA agreement and would likely prevent him from completing any portion of his rehabilitation program.

**B.    Discussion**

Federal Rule of Civil Procedure 65(b) addresses the requirements for a temporary restraining order. Rule 65(b) provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Tenth Circuit has identified four elements to guide me through a Rule 65(b) TRO application. The four elements are: (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues;

(3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.  *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980).

In this case, only Defendants Bernalillo County and City of Albuquerque have been served with the Complaint.  *(Docs. 3 and 4)*.  Plaintiff has not certified or stated in his motion for TRO that he tried to notify Defendants of this motion for TRO or why notice should not be made.  Moreover, Plaintiff has not provided sufficient information to convince the Court that there is a "substantial likelihood" that he would prevail on the merits.  Plaintiff also has not alleged specific facts demonstrating that he would suffer irreparable injury unless the injunction issues.  Specifically, Plaintiff does not state what discriminatory action was supposed to take place on June 6, 2000. Additionally, assuming that Plaintiff was going to be incarcerated on June 6, 2000 for various traffic citations, enjoining Defendants from prosecuting Plaintiff would be adverse to the public interest. The public expects that those who violate traffic laws will be fully prosecuted according to the law. Excusing a person from paying traffic citations simply because he or she does not have the money to do so is unfair to those violators who have to pay for their violations.  For all of these reasons, I find that this motion for a TRO is not well taken and should therefore be denied.

Wherefore,

IT IS ORDERED that Plaintiff's Motion for Emergency Temporary Restraining Order (TRO), filed May 26, 2000 *(Doc. 5)*, is **denied**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**